Pennie, Davis, Marvin & Edmonds, of New York City (Arba B. Marvin and George J. Hesselman, both of New York City, and Richard K. Stevens and Clarence M. Fisher, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge. This is an ex parte appeal from the decision of the Commissioner of Patents, refusing applicant a patent for a design covering a loud speaker. The Commissioner denied the application upon the references of Comer, 1,137,187, April 27, 1915, and the French patent to Ragonot, 570,746, applied for July 26, 1923, issued January 21, 1924, and published May 6, 1924.

Applicant's device is a loud speaker of the cone type having an octagonal outline and a circular diaphragm.

Both the Comer and the Ragonot patents disclose loud speakers having an octagonal shape. Comer's is not of the flat type but, viewed from in front, it has substantially the same shape as applicant's design. The Ragonot patent is not only octagonal in shape, when viewed from in front, but it has a flat appearance when viewed from the side.

Applicant in this court stresses the point that the primary examiner rejected the application on one set of references, while the Board of Examiners in Chief rejected it upon another reference, and, upon appeal to the Commissioner, his rejection was based upon entirely different references. The primary examiner's rejection was based upon Heylmann, 52,394, September 10, 1918, and Peterson, 68,061, August 25, 1925, while the rejection of the Board of Examiners in Chief was based upon there being no patentable difference between the design in this application, involving an octagonal panel, and a design formerly granted to applicant for an oval panel in design patent 72,262, March 22, 1927.

Applicant had applied for a patent which involved appeal No. 2128, involving a cone type of loud speaker, mounted on a circular type of sound board. This was rejected on applicant's patent, No. 70,115, having a panel octagonal in outline.

In this court the solicitor for the Patent Office argues that double patenting is not permissible in design patents any more than it is in mechanical patents, and cites Ex parte Whittington, 347 O. G. 281.

The fact that the several tribunals of the Patent Office have seen fit to rely upon different references does not necessarily argue that the Commissioner's decision is erroneous. We can see pertinent application in most, if not all, of the references. When all the references are considered, the lack of invention in applicant's design is emphasized.

We agree with the solicitor and the Patent Office that the application here under consideration does not show invention over the references cited and the other applications of applicant referred to. Every shape of panel that can be devised upon which a cone type diaphragm or tympanum may be mounted is not necessarily patentable for cone shape loud speakers, which, since superseding the horn type, are shown to have a universal use and are quite common in the art.

In Knapp v. Will & Baumer Co. (C. C. A.) 273 F. 380, 290 O. G. 645, the court, in referring to the shape of a candle as the subject-matter of a design patent application, said: "The right to make any article round or square, or in any other standard form or shape, is inherently open to all, and novelty cannot be predicated of a design for a square candle instead of the ordinary round one."

The decision of the Commissioner is affirmed.

Affirmed.

---

**In the Matter of the Application of Marcus C. HOPKINS.**

Court of Customs and Patent Appeals.
February 6, 1930.

Patent Appeal No. 2265.

Pennie, Davis, Marvin & Edmonds, of New York City (Arba B. Marvin and George J. Hesselman, both of New York City, and Richard K. Stevens and Clarence M. Fisher, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge. This is an ex parte appeal from the decision of the Com-

missioner of Patents, affirming the Board of Examiners in Chief, who, under rule 139, recommended the further rejection of applicant's design patent application which had been rejected by the examiner.

The application calls for a patent for a design for a loud speaker, which design is comprised of a central tympanum of circular conical shape, surrounded by a relatively large circular panel ornamented to give it the appearance of wood. The examiner denied patentability, in view of the patent to Peterson, No. 68,061, August 25, 1925, but the Board of Examiners in Chief held the applicant's design patentably distinguished from that disclosed in the reference. The appellant tribunal held, however, that the design was not patentably distinguished from that on which the applicant had already obtained a patent, No. 72,262, March 22, 1927, and recommended the denial of the claim in view of the latter patent.

The Commissioner's rejection rests upon there being no patentable distinction between the oval-shaped panel and the circular-shaped panel. With this conclusion we agree. Our reasons for such conclusion are more fully set out in In re Hopkins, 37 F. (2d) 755, patent appeal No. 2226, decided concurrently herewith.

The decision of the Commissioner is affirmed.

Affirmed.

## In re KERKER.

Court of Customs and Patent Appeals.
February 21, 1930.

Patent Appeal No. 2225.

Fischer & Lagaard, of St. Paul Minn., and John E. Lind, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge. Thomas Kerker, the appellant, seeks a patent on improvements in night garments and filed his application therefor in the Patent Office, said application containing eleven counts. All these claims were rejected by both the examiner and Board of Appeals, the principal references being:

Jaeger, 236,395, January 11, 1881.
Bernstein, 1,426,540, August 22, 1922.

The appellant's garment consists of what is ordinarily termed a union suit, with the opening in the back, the back portion consisting of two overlapping flaps, extending from the shoulders to the crotch, and fastened by buttons on both shoulders. It is claimed that this arrangement is novel, inasmuch as it permits the garment to be opened in the back without unbuttoning, that the opening will automatically close, and that the child wearing it will not be distressed by buttons upon which it is compelled to lie.

Much of this argument is neutralized by the fact that none of the claims are limited to the use of the article as sleeping garments. The claims should therefore be considered as applying to garments generally. The Bernstein reference covers improvements in union overalls. In these, the back consists of two overlapping flaps, not of the exact shape of the appellants, but the same in effact, fastened at the sides and shoulders with buttons. The Jaeger reference describes a union suit, open in front, with overlapping flaps extending from crotch to shoulder, buttoned on the sides and shoulders.

Appellant argues that the Jaeger reference is inapplicable because it shows a front opening, while his discloses a back opening. He also insists that the buttons along the sides of the Jaeger and Bernstein references distinguish them from his garment, which has no such buttons. We are unable to see any invention in either of these ideas. We cannot close our eyes to the ordinary things of life. It is a matter of common knowledge that, from time immemorial, garments of all kinds have been opened, some in front, some behind. No mother ever lacked the knowledge that the absence of buttons in the garments of a child was an advantage. To supply buttons or to take them off is certainly no novel idea. Appellant's device produces no results which are not simply the aggregate of the separate contribution of devices well known in the art.

The decision of the Board of Appeals is affirmed.

Affirmed.